IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ULYSSES BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>CAMDEN COUNTY<br>CORRECTIONAL FACILITY,<br>WARDEN DAVID OWENS, and BOARD<br>OF FREEHOLDERS,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-8377(JBS-AMD)<br><br>OPINION |

APPEARANCES:

Ulysses Brown, Plaintiff Pro Se
981584/270412D
3 West Industrial Boulevard
Bridgeton, NJ 08302

**SIMANDLE, Chief District Judge:**

I.  **INTRODUCTION**

    Plaintiff Ulysses Brown seeks to bring a civil rights Complaint pursuant to 42 U.S.C. § 1983 against Camden County Correctional Facility ("CCCF"), Warden David Owens ("Owens"), and Board of Freeholders ("BOF") for allegedly unconstitutional conditions of confinement and false imprisonment. Complaint, Docket Entry 1.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a

claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, it is clear from the Complaint that the claims therein arose more than two years before the Complaint was filed. It is therefore barred by the two-year statute of limitations that governs claims of unconstitutional conduct and false imprisonment under 42 U.S.C. § 1983. The Court will therefore dismiss the Complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II. BACKGROUND

Plaintiff alleges that he was "sleeping on the floor [with] 4 people to a two man cell [and] unsanitary living conditions" during the periods "9/06/06 – 12/03/07, 3/19/08 – 8/29/08 [and] 4/24/10 – 8/04/10." Complaint § III(B)-(C). In addition to alleged overcrowding, Plaintiff's Complaint adds: "[P]lus false imprisonment from 9/06/06 – 12/03/07." *Id*. § III(C). As a result of these alleged events, Plaintiff claims to have sustained "mental anguish" and a "boil on left arm." *Id*. § III(C). Plaintiff does not identify or describe the relief he seeks. § V (blank).

## III. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that

is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and 42 U.S.C. § 1997e because Plaintiff is proceeding *in forma pauperis* and is a prisoner who has filed the present Complaint about the conditions of his confinement.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## IV. DISCUSSION

The Complaint alleges that Plaintiff experienced unconstitutional conditions of confinement while incarcerated during "9/06/06 – 12/03/07, 3/19/08 – 8/29/08 [and] 4/24/10 –

8/04/10." Complaint § III(B). Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

The allegedly unconstitutional conditions of confinement, namely the purported overcrowding and sleeping conditions in cells, would have been immediately apparent to Plaintiff at the time of detention; therefore, the statute of limitations for Plaintiff's claims expired on August 4, 2012 at the latest, well before this Complaint was filed in 2016. Plaintiff has filed this lawsuit too late. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of Plaintiff's cause of action for unconstitutional conditions of confinement, there are no extraordinary circumstances that prevented Plaintiff from filing the claim, and there is nothing to indicate Plaintiff

filed the claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

As it is clear from the face of the Complaint that more than two years have passed since Plaintiff's claims accrued for alleged unconstitutional conditions of confinement, the Complaint is dismissed with prejudice, meaning Plaintiff may not file an amended complaint concerning the events of "9/06/06 – 12/03/07, 3/19/08 – 8/29/08 [and] 4/24/10 – 8/04/10." Complaint § III(B). *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

The statute of limitations has also expired on Plaintiff's claim of "false imprisonment from 9/06/06 – 12/03/07." Complaint § III(C). "[A] claim of false arrest, and the accompanying claim for false imprisonment, begins to accrue immediately upon the arrest at issue[;] [however,] the statute of limitations does not begin to run at the same time. Instead, the statute of limitations for a false arrest / imprisonment claim begins to run 'when the individual is released, or becomes held pursuant to legal process,' *i.e.*, is arraigned." *Clark v. Warren County Prison*, No. 15-6174, 2016 WL 5858985, at *3 (D.N.J. Oct. 6, 2016) (internal citations omitted).

Here, Plaintiff's § 1983 claims arising from alleged false imprisonment would be time barred if he was released as to the

5

relevant charges more than two years before he brought the instant Complaint, which this Court received from Plaintiff on November 9, 2016.

Construing Plaintiff's Complaint to allege that he was released on December 3, 2007, Plaintiff's false imprisonment claim in his November 9, 2016 Complaint is time-barred.

**V. CONCLUSION**

For the reasons stated above, the Complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

**April 24, 2017**　　　　　　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　Chief U.S. District Judge